985 F.2d 559
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William H. CULVER, Plaintiff-Appellant,
v.
Louis W. SULLIVAN, M.D., Secretary of Health and Human
Services, Defendant-Appellee.
 No. 92-3450.
 United States Court of Appeals, Sixth Circuit.
 Jan. 28, 1993.
 
 Before BOYCE F. MARTIN, JR., MILBURN, and ALAN E. NORRIS, Circuit Judges.
 PER CURIAM.
 
 
 1
 Claimant William H. Culver appeals the district court's grant of summary judgment affirming the Secretary's denial of his claim for disability insurance benefits under the Social Security Act, 42 U.S.C. §§ 416(i), 423(d). The issues presented for review are: (1) whether the Secretary's findings that claimant's psychological impairments were insignificant or had no effect on his ability to work are supported by substantial evidence, and (2) whether the Secretary's findings are not supported by substantial evidence because they are based upon the answer to an incomplete and inaccurate hypothetical posed to the vocational expert.
 
 I.
 
 2
 On May 13, 1987, claimant filed his first application for disability insurance benefits, alleging that he had been disabled since September 16, 1986, due to a back condition. The application for disability insurance benefits was denied initially and upon reconsideration. Claimant did not seek further review of the denial of the application, which became binding. 20 C.F.R. § 404.921 (1991).
 
 
 3
 Claimant filed his second application for disability insurance benefits on January 31, 1989, alleging that he had been disabled since September 16, 1986, due to a back condition, a shoulder condition, fibromyositis, and insomnia. Claimant's second application was denied initially and upon reconsideration, after which claimant requested a de novo hearing before an administrative law judge ("ALJ"). On February 13, 1990, an administrative hearing was held before the ALJ. Both claimant, who was represented by counsel, and W. Bruce Walsh, Ph.D., a vocational expert, testified at the hearing.
 
 
 4
 In a decision dated March 2, 1990, the ALJ found that claimant was not entitled to disability insurance benefits because despite his impairments, he retained the residual functional capacity for light work, which was not further restricted by his generalized anxiety and depression. The ALJ further found that although claimant was precluded from the performance of any of his past relevant work, Rule 202.20 of the Medical-Vocational Guidelines, a framework for such decision-making, directed a conclusion of no disability. The ALJ's decision became the final decision of the Secretary when the Appeals Council declined review on December 13, 1990.
 
 
 5
 On January 17, 1991, claimant filed a complaint in the district court under 42 U.S.C. § 405(g) seeking judicial review of the Secretary's final decision. On March 31, 1992, the district court granted summary judgment in favor of the Secretary, thereby affirming the Secretary's decision. This timely appeal followed.
 
 II.
 
 6
 Pursuant to 42 U.S.C. § 405(g), this court has jurisdiction to review the Secretary's decisions. Judicial review of the Secretary's decision is limited to determining whether the Secretary's findings are supported by substantial evidence and whether the Secretary employed the proper legal standards in reaching his conclusion. See Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. See Kirk v. Secretary of Health and Human Services, 667 F.2d 524, 535 (6th Cir.1981), cert. denied, 461 U.S. 957 (1983). This court does not try the case de novo, nor resolve conflicts in the evidence, nor decide questions of credibility. See Garner v. Heckler, 745 F.2d 383, 387 (6th Cir.1984).
 
 
 7
 In determining whether the Secretary's factual findings are supported by substantial evidence, the court must examine the evidence in the record taken as a whole and must take into account whatever in the record fairly detracts from its weight. See Born v. Secretary of Health and Human Services, 923 F.2d 1168, 1173 (6th Cir.1990). If supported by substantial evidence, the Secretary's decision must be affirmed even if a reviewing court would decide the matter differently, see Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir.1983) (per curiam), and even if substantial evidence also supports the opposite conclusion, see Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir.1986) (en banc). However, this deferential standard of review applies only to resolve issues of fact and credibility. See Listenbee v. Secretary of Health and Human Services, 846 F.2d 345, 349 (6th Cir.1988) (per curiam). Moreover, this court will not base its decision on a single piece of evidence and disregard other pertinent evidence in making a substantial evidence review. See Mowery v. Heckler, 771 F.2d 966, 970 (6th Cir.1985).
 
 
 8
 A social security disability claimant bears the ultimate burden of proof on the issue of disability. See Richardson v. Heckler, 750 F.2d 506, 509 (6th Cir.1984). However, once a claimant makes out a prima facie case that he cannot perform his usual work due to his disability, the burden of proof then shifts to the Secretary to show that there is work in the national economy which the claimant can perform. See Martonik v. Heckler, 773 F.2d 236, 239 (8th Cir.1985); Allen v. Califano, 613 F.2d 139, 145 (6th Cir.1980). The Secretary must prove that having considered the claimant's present job qualifications, such as age, experience, education, and physical capacity, and the existence of jobs to match those qualifications, the claimant retains the capacity to perform a different kind of job. See Young v. Secretary of Health and Human Services, 925 F.2d 146, 148 (6th Cir.1990); Moon v. Sullivan, 923 F.2d 1175, 1181 (6th Cir.1990).
 
 
 9
 On occasion, the Secretary can satisfy his burden by relying on the medical vocational guidelines; however, where a claimant's functional limitations do not fit the pattern of the medical vocational guidelines, the testimony of a vocational expert may be used to satisfy the Secretary's burden of proof regarding the availability of jobs which claimant could perform. Young, 925 F.2d at 148-49. The grids are not fully applicable if the claimant suffers from a significant nonexertional impairment. See Damron v. Secretary of Health and Human Services, 778 F.2d 279, 282 (6th Cir.1985). A vocational expert is generally consulted where a claimant has significant nonexertional limitations. See Buck v. Bowen, 885 F.2d 451, 455 (8th Cir.1989); Polny v. Bowen, 864 F.2d 661, 663-64 (9th Cir.1988). The testimony of a vocational expert must be based on a hypothetical question which accurately portrays the claimant's physical and mental impairments. See Varley v. Secretary of Health and Human Services, 820 F.2d 777, 779 (6th Cir.1987).
 
 
 10
 After a thorough review of the considerable record, in light of all of claimant's arguments, we conclude that, as stated in the district court's well-reasoned opinion, substantial evidence supports the ALJ's findings that claimant is not entitled to disability insurance benefits. Since the ALJ's findings have become the opinion of the Secretary, substantial evidence, therefore, supports the Secretary's denial of the claim for Social Security disability benefits.
 
 III.
 
 11
 Accordingly, the Secretary's denial of benefits is hereby AFFIRMED.